# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| HOBART CORPORATION, et al., | : | |
| Plaintiffs, | : | Case No. 3:10cv00195 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| WASTE MANAGEMENT OF<br>OHIO, INC., et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## ORDER

The undersigned judicial officer recently filed a Decision and Entry (Doc. #107) granting Plaintiffs' Motion To Compel Discovery And Denying Defendant Dayton Power & Light Co.'s (DP&L's) Motion To Quash Subpoena And Exclude Use Of Information Derived From Ex Parte Communications By Plaintiffs' Counsel With DP&L Employee. The main impact of the Decision and Entry was that Plaintiffs could depose Charles L. Fields, a current DP&L employee. A subpoena soon followed, setting Mr. Fields' deposition on April 25, 2012. (Doc. #110). Meanwhile, DP&L filed Objections (Doc. #109) challenging the Decision and Entry and Plaintiffs' ongoing effort to depose Mr. Fields. Mr. Fields' April 25, 2012 deposition remains pending.

The case is presently before the Court upon DP&L's Emergency Motion To Stay

Magistrate's [sic] Decision And Entry Compelling Discovery And Denying Motion To Quash Pending Resolution Of Objections (Doc. #111), Plaintiffs' Memorandum In Opposition (Doc. # 112), DP&L's Objections (Doc. #109), Plaintiffs' Brief In Opposition (Doc. #114), and the record as a whole.

DP&L argues that good cause exists to stay the Decision and Entry until its Objections have been resolved. DP&L maintains that the Court could decide that Plaintiffs' counsel violated Rule 4.2 of the Ohio Rules of Professional Conduct and preclude Mr. Fields' deposition as a sanction. DP&L further contends that any perceived prejudice to Plaintiffs as a result of a temporary stay of the Decision and Entry is outweighed by the significant burden on DP&L absent a stay.

Plaintiffs contend that DP&L has not shown good cause to stay the Decision and Entry pending resolution of its Objections and that only Plaintiffs would suffer from a stay, while DP&L would unfairly benefit by further delaying discovery "and preventing the disclosure of facts that may be adverse to its legal position." (Doc. #112, PageID at 1119). Plaintiffs further contend that a stay is unwarranted because DP&L's Objections to the Decision and Entry lack merit.

"When an objection is filed to a Magistrate Judge's ruling on a non-case dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the Magistrate Judge or a District Judge." S.D. Ohio Civ. R. 72.3. In the instant case, a stay of the Decision and Entry, and thus Mr. Fields' deposition, pending resolution of DP&L's Objections is warranted to provide sufficient time for full consideration of DP&L's

2

Objections to the Decision and Entry as well as full consideration of Plaintiffs' Brief in Opposition to DP&L's Objections. *Cf. Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. When reviewing a district court's decision to limit discovery, we will intervene only if the decision was an abuse of discretion resulting in substantial prejudice." (citations omitted)). A stay, moreover, will leave U.S. District Judge Walter Rice with the full panoply of potential remedies in the event a sanction is warranted. Without a stay, an Order quashing the Fields' deposition subpoena would be unavailable as a sanction, if one is warranted.

In addition, the fact-discovery deadline is September 7, 2012. If the resolution of DP&L's Objections leaves Plaintiffs free to depose Mr. Fields, the interim delay will not cause prejudice to Plaintiffs, based on the circumstances presently depicted in the record. The instant Order, moreover, granting a stay is narrowly focused on the Decision and Entry and does not otherwise prevent the parties from engaging in discovery.

Lastly, nothing in this Order is intended as a comment on, or opinion about, the substance of DP&L's Objections or Plaintiff's Brief in Opposition to DP&L's Objections.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Dayton Power & Light Co.'s Emergency Motion To Stay Magistrate's [sic] Decision And Entry Compelling Discovery And Denying Motion to Quash Pending Resolution Of Objections (Doc. #111) is **GRANTED**; and

2. The Decision and Entry filed on March 23, 2012 (Doc. #107) is **STAYED** pending resolution of Defendant Dayton Power & Light Co.'s Objections and Plaintiffs' Brief in Opposition.[1]


April 12, 2012

                s/ Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge

---

[1] Although DP&L has until April 12, 2012 to file its Reply, *see* Doc. #113, granting a Stay today – in DP&L's favor – without considering DP&L's Reply, works no prejudice upon DP&L.