# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| HOBART CORPORATION, et al., | : | |
| Plaintiffs, | : | Case No. 3:10cv00195 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| WASTE MANAGEMENT OF OHIO, INC., et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## DECISION AND ENTRY

This CERCLA[1] case is before the Court upon Plaintiffs Hobart Corporation, NCR Corporation, and Kelsey-Hayes' Corporation Motion to Compel Defendant Dayton Power and Light Company to Produce Documents (Doc. #123), Defendant Dayton Power and Light Company's (DP&L's) Notice of Production of Documents to Plaintiffs (Doc. #133), Plaintiffs' Response and Request for Order Granting Plaintiff's [sic] Motion to Compel and Compelling DP&L to Justify Its Confidentiality Claims (Doc. #137), and the record as a whole.  Plaintiffs' Motion to Compel seeks an Order requiring DP&L "to produce 497 pages of documents that DP&L has improperly withheld."  (Doc. #123, PageID at 1246).

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§9601-9675.

Before Plaintiffs filed their Motion to Compel, DP&L had declined to produce the 497 pages of documents on the ground that those documents were "confidential." More recently, DP&L produced to Plaintiffs the 497 pages of documents, marking each page as "confidential." (Doc. #137). DP&L's act of producing to Plaintiff the 497 pages of documents provides the exact relief Plaintiffs' Motion to Compel seeks. Plaintiffs' Motion is therefore moot.

Yet this is not the end of the matter because DP&L appears to be sticking with its confidentiality designations and because Plaintiffs seek an Order requiring DP&L to justify its designation of each page as confidential. Plaintiffs assert that their counsel has reviewed the documents and found no apparent basis for DP&L's assertion of confidentiality. Plaintiffs emphasize that the burden rests with DP&L to justify its confidentiality designation, and DP&L has not explained its confidentiality designations. Plaintiffs also state that DP&L indicated, in a letter dated August 2, 1012, "that it 'has not abandoned its claim of confidentiality'...." (Doc. #137, PageID at 1620).

The presently existing situation is somewhat unusual: DP&L has already produced the 497 pages of documents marked "confidential"; DP&L has neither abandoned its confidentiality designations nor filed a motion for a protective order under Fed. R. Civ. P. 26(c); and the record, at present, does not contain a protective order issued by the Court or a proposed stipulated protective order executed by Plaintiffs and DP&L.

In light of these circumstances, and because Plaintiffs now seek more specific relief than they originally sought in their Motion to Compel, DP&L should be given an

opportunity to brief whether or not Plaintiffs are entitled to an Order requiring DP&L to justify its confidentiality designations on of the 497 pages of documents.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' Motion to Compel DP&L to Produce Documents (Doc. #123) is DENIED, in part, as moot, in light of DP&L's production of the 497 pages of documents sought by Plaintiffs' Motion; and

2. **On or before October 12, 2012,** DP&L shall file a memorandum addressing whether Plaintiffs are entitled to an Order requiring DP&L to justify its confidentiality designations as to the 497 pages of documents; or, alternatively DP&L may file a Notice waiving its assertion of confidentiality as to the 497 pages of documents.

September 28, 2012

                                                    s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                                United States Magistrate Judge